UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER URIBE aka WALLY URIBE | § | CASE NO. 4:13-cv-00774 |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| CENTRAL INTELLIGENCE AGENCY (CIA), et al. | § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANT NATIONAL SECURITY AGENCY'S MOTION TO DISMISS</u>**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant National Security Agency (NSA) moves to dismiss Plaintiff Walter Uribe's (Uribe's) complaint because the NSA is entitled to sovereign immunity and because Uribe fails to state a plausible claim against it.

**1.   Introduction**

In a rambling complaint[1] covering events from 1963 to the present, Uribe alleges that the NSA, along with other defendants, has conducted "satellite-driven 'slow-kill no-touch' assaults that involve satellite-driven directed energy to my body and organs, offensive psychotronic communication invasively deep to the audio cortex of my brain, and remote neural inserts of images and other 'defensive extractions' to the visual cortex of my brain which are intended to strip my reproduction, prevent me from working for a living, and cause psychological trauma resulting in a breakup of close relationships and force relocation."[2] As a result, he says that he is "entitled to an

---

[1] The complaint begins with "I, Walter Uribe, and other family members are victims of causal stalking and rogue non-consentual testing perservering against obstruction of justice by Project Artichoke program control rooms . . . .," *see*, Document 1-1, page 1 of 8.

[2] *Id.*

injury amount of $100 million dollars or another amount to be negotiated with Central Intelligence Agency (CIA)."[3]

## 2. Standard for dismissal

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  The question of subject matter jurisdiction is an issue for the Court alone to decide. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).  The Court has the power to make factual findings which are decisive of jurisdiction; "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to Plaintiff's allegations . . . ." *Id.*  Once the motion is made, the burden is on the party asserting subject matter jurisdiction, here Uribe, to show that the Court has subject matter jurisdiction. *St. Paul Reinsurance Co., Ltd., v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Similarly, Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  In reviewing such a motion, "the court must accept as true the factual allegations in the complaint and view them in the light most favorable to the plaintiff." *Groom v. Fickes*, 966 F. Supp. 1466, 1472 (S.D. Tex. 1997), *aff'd,* 129 F.3d 606 (5th Cir. 1997).  However, in order to survive a motion to dismiss, a complaint must include factual allegations which are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  In other words, it must provide the grounds of the entitlement to relief and they must be plausible on their face. *Id.* at 555, 570.

---

[3] *Id.*

**3.     There is no subject matter jurisdiction because NSA is entitled to sovereign immunity.**

"The doctrine of sovereign immunity is inherent in our constitutional structure and is in part enshrined by the Eleventh Amendment.  It renders the United States, its departments, and its employees . . . immune from suit except as the United States has consented to be sued.  While it is '[d]ecried as irrational and immoral by some, ... criticized on historical grounds by others, ... recognized by all to have little doctrinal coherence, the doctrine of sovereign immunity has nonetheless retained the endorsement of the two institutions that matter-the Supreme Court and Congress.'" *Williamson v. United States Dep't of Agric.*, 815 F.2d 368, 373 (5th Cir. 1987) (citation omitted).  Here, Uribe does not point to any waiver of NSA's sovereign immunity by which it consented to be sued.

**4.     Uribe fails to state a plausible claim.**

Uribe's complaint is so utterly unintelligible that it fails to state a plausible claim against the NSA.  In the few places where the NSA is actually mentioned—paragraphs 13 through 19 on pages 3 to 4—there are no facts alleged to afford the NSA even the most rudimentary notice of the gist of the claim against it.  So, in addition to dismissing the case because NSA is entitled to sovereign immunity, the Court should dismiss the case because Uribe's allegations against the NSA "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

5.  **Conclusion**

For the foregoing reasons, the NSA respectfully requests that Uribe's complaint be dismissed with prejudice.

            Respectfully Submitted,
            KENNETH MAGIDSON
            UNITED STATES ATTORNEY
            *s/ Amelia De Los Santos*
            Amelia De Los Santos
            Assistant United States Attorney
            Texas Bar No. 24048309 / SDTX No. 632482
            1000 Louisiana, Suite 2300
            Houston, Texas 77002
            Telephone: (713) 567-9731
            Facsimile: (713) 718-3303

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was sent via regular first class mail, and return receipt requested, on March 25, 2013 to the following:

Walter Uribe
6301 West Bellfort Street # 183
Houston, Texas 77035

            *s/ Amelia De Los Santos*
            Amelia De Los Santos
            Assistant United States Attorney